# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | | |
|---|---|---|
| DARNELL WASHINGTON | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | **JURY DEMANDED** |
| SUPERVALU, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Now comes the Plaintiff, DARNELL WASHINGTON, by and through his attorneys and for his Complaint against the Defendant, SUPERVALU, INC., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is a complaint for damages, equitable relief, and injunctive relief for violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.

2. Specifically, Plaintiff contends that he is an individual within the meaning of the FMLA, that Defendant willfully retaliated against Plaintiff for exercising his rights under the FMLA, and retaliated against him because of his exercise of his rights, in violation of the FMLA.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

5. Plaintiff is an individual who at all relevant times resided in Danville, Vermilion County, Illinois.

6. Defendant first employed Plaintiff on or about March 16, 2017. His most recent position held with Defendant was Hand Selector.

7. On information and belief, Defendant is a Delaware corporation, which is registered with the Secretary of State to do business in Illinois, and which has its principal place of business in Eden Prairie, Minnesota.

8. Plaintiff and Defendant are both "persons" as defined in 29 U.S.C. § 2611(8), as they are both "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

9. Plaintiff is an "eligible employee" as defined in 29 U.S.C. § 2611(2)(A), as he was an employee who had been employed "for at least 12 months by the employer with respect to whom leave [had been] requested" and had worked for Defendant "for at least 1,250 hours of service with such employer during the previous 12-month period."

10. Defendant is an "employer" as defined in 29 U.S.C § 2611(4)(i), as it is "any person engaged in commerce or in any industry; or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year."

## BACKGROUND FACTS

11. On or about October 23, 2018, Plaintiff's son was hospitalized for four days.

12. Prior to taking those four days off to attend to his son, Plaintiff informed his supervisor of his son's serious medical condition.

13. Plaintiff's supervisor approved the request for time off and asked Plaintiff for a doctor's note for company record-keeping.

14. On or about October 24, 2018, Plaintiff asked his son's doctor to fill out Defendant's FMLA paperwork and send it to Defendant.

15. On information and belief, Plaintiff's son's doctor filled out the appropriate form and faxed it to Defendant.

16. On or about October 28, 2018, Plaintiff returned to work with Defendant, and worked a full day on October 29, 2018.

17. On or about November 1, 2018, Plaintiff was terminated by Defendant.

18. Defendant's stated reason for the termination was Plaintiff being a "no call no show" for the days he missed.

19. Defendant additionally claimed Plaintiff was a "no call no show" for October 29, 2018, despite Plaintiff having returned to work the previous day and having worked a full day on October 29, 2018.

20. On information and belief, the decision to terminate Plaintiff's employment was made by the same supervisor whom Plaintiff had previously notified of his son's medical condition and his need for time off, as set forth above.

21. On information and belief, Defendant made efforts to prevent Plaintiff from recovering unemployment compensation following his termination.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

22. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 21 above as if fully reiterated herein.

23. The acts and conduct of Defendant as aforesaid were in willful violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* Said statutes impose certain duties upon Defendant concerning retaliation against persons such as Plaintiff on the basis of their exercise of FMLA leave rights, and prohibit said retaliation. Said statutes were intended to prevent the type of injuries and damages set forth herein.

24. By the acts and conduct described above, Defendant was in willful violation of said statutes.

25. Defendant knew about, or should have known about, and failed to investigate, prevent, or remedy the acts of retaliation described herein.

26. The acts of retaliation described herein were sufficiently pervasive so as to alter the conditions of Plaintiff's employment and create an abusive working environment.

27. When Plaintiff was retaliated against by Defendant by the actions described above, Plaintiff's exercise of his FMLA leave was a substantial motivating factor and/or reason for Defendant's conduct.

28. By the aforesaid acts and conduct of Defendant, Plaintiff has directly and legally suffered actual damages pursuant to 29 U.S.C. § 2617 including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, and other pecuniary loss.

29. As a direct and legal result of the acts and omissions of Defendant, Plaintiff suffered, among other things, stress, aggravation, frustration, and emotional distress.

30. The aforementioned acts of Defendant were willful, wanton, malicious, intentional, and oppressive, and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, and were done by managerial agents and employees of Defendant and with the express knowledge, consent, and ratification of managerial agents and employees of Defendant, thereby

justifying an award of punitive and exemplary damages in an amount to be determined at the time of trial.

31. As a result of the acts of Defendant as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs as specifically provided in 29 U.S. C. § 2617(a)(3).

Wherefore, Plaintiff, DARNELL WASHINGTON, respectfully prays this Honorable Court enter judgment against Defendant, SUPERVALU, INC., as follows:

a. Declaring the Defendant's practices complained of herein unlawful and in violation of the FMLA;

b. Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c. Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to retaliate against employees exercising their rights under the FMLA;

d. Immediately assigning Plaintiff to the position he would now be occupying but for the discriminatory practices of Defendant, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which he would have received but for the willful violations of Defendant, or awarding Plaintiff front-end and future pay;

  e.  Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the willful violations of Defendant;

  f.  Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the willful violations of Defendant;

  g.  Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

  h.  Awarding Plaintiff compensatory and/or punitive damages for Defendant's willful conduct, and granting such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

DARNELL WASHINGTON

By: /s/ David B. Levin
   Attorney for Plaintiff
   Illinois Attorney No. 6212141
   Law Offices of Todd M. Friedman, P.C.
   333 Skokie Blvd., Suite 103
   Chicago, IL 60062
   Phone: (312) 212-4355
   Fax: (866) 633-0228
   dlevin@toddflaw.com