E-FILED
Monday, 23 September, 2019  02:53:04 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DARNELL WASHINGTON,** | |
| Plaintiff, | No.  19-cv-02211 |
| v. | Judge:  Colin Stirling Bruce |
| **SUPERVALU INC.,** | Magistrate Judge  Eric I. Long |
| Defendant. | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant Supervalu Inc. (hereinafter "Defendant" or "Supervalu"), by and through its attorneys, Littler Mendelson, P.C., and for its Answer to Plaintiff's Complaint, states as follows:

### PRELIMINARY STATEMENT

1.      This is a complaint for damages, equitable relief, and injunctive relief for violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.

**ANSWER:**    Defendant admits that Plaintiff attempts to bring a claim for violation of the FMLA, but denies it has engaged in any act or omission giving rise to any cause of action under that statute.  Defendant denies the remaining allegations in Paragraph 1.

2.      Specifically, Plaintiff contends that he is an individual within the meaning of the FMLA, that Defendant willfully retaliated against Plaintiff for exercising his rights under the FMLA, and retaliated against him because of his exercise of his rights, in violation of the FMLA.

**ANSWER:**    Defendant admits that Plaintiff contends Defendant retaliated against him in violation of the FMLA.  Defendant denies it has engaged in any act or omission giving rise to any cause of action under that statute.  Defendant denies the remaining allegations in Paragraph 2.

### JURISDICTION AND VENUE

3.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

**ANSWER:**   Defendant admits that this Court has jurisdiction over this matter. Defendant denies the remaining allegations in Paragraph 3.

4.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

**ANSWER:**   Defendant admits that venue is proper in this Court.  Defendant denies the remaining allegations in Paragraph 4.

## PARTIES

5.      Plaintiff is an individual who at all relevant times resided in Danville, Vermilion County, Illinois.

**ANSWER:**   Upon information and belief, Defendant admits the allegations in Paragraph 5.

6.      Defendant first employed Plaintiff on or about March 16, 2017. His most recent position held with Defendant was Hand Selector.

**ANSWER:**   Defendant admits Plaintiff was hired on or about March 16, 2017. Defendant denies the remaining allegations in Paragraph 6.

7.      On information and belief, Defendant is a Delaware corporation, which is registered with the Secretary of State to do business in Illinois, and which has its principal place of business in Eden Prairie, Minnesota.

**ANSWER:**   Defendant admits the allegations in Paragraph 7.

8.      Plaintiff and Defendant are both "persons" as defined in 29 U.S.C. § 2611(8), as they are both "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

**ANSWER:**   Defendant admits the allegations in Paragraph 8.

9.      Plaintiff is an "eligible employee" as defined in 29 U.S.C. § 2611(2)(A), as he was an employee who had been employed "for at least 12 months by the employer with respect to whom leave [had been] requested" and had worked for Defendant "for at least 1,250 hours of service with such employer during the previous 12-month period."

**ANSWER:**     Defendant admits the allegations in Paragraph 9.

10.     Defendant is an "employer" as defined in 29 U.S.C § 2611(4)(i), as it is "any person engaged in commerce or in any industry; or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year."

**ANSWER:**     Defendant admits the allegations in Paragraph 10.

## BACKGROUND FACTS

11.     On or about October 23, 2018, Plaintiff's son was hospitalized for four days.

**ANSWER:**     Defendant lacks information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 11 and so denies them.

12.     Prior to taking those four days off to attend to his son, Plaintiff informed his supervisor of his son's serious medical condition.

**ANSWER:**     Defendant admits Plaintiff informed a supervisor that he needed to leave work early on October 23, 2018 because his son was ill. Defendant denies the remaining allegations in Paragraph 12.

13.     Plaintiff's supervisor approved the request for time off and asked Plaintiff for a doctor's note for company record-keeping.

**ANSWER:**     Defendant denies the allegations in Paragraph 13.

14.     On or about October 24, 2018, Plaintiff asked his son's doctor to fill out Defendant's FMLA paperwork and send it to Defendant.

**ANSWER:**     Defendant lacks information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 14 and so denies them.

15.     On information and belief, Plaintiffs son's doctor filled out the appropriate form and faxed it to Defendant.

**ANSWER:**     Defendant lacks information sufficient to form a belief as to the veracity of

the allegations contained in Paragraph 15 and so denies them.

16.     On or about October 28, 2018, Plaintiff returned to work with Defendant, and worked a full day on October 29, 2018.

**ANSWER:**     Defendant admits that Plaintiff worked on October 28 and October 29,

2018.  Defendant denies the remaining allegations in Paragraph 16.

17.     On or about November 1, 2018, Plaintiff was terminated by Defendant.

**ANSWER:**     Defendant admits the allegations in Paragraph 17.

18.     Defendant's stated reason for the termination was Plaintiff being a "no call no show" for the days he missed.

**ANSWER:**     Defendant denies the allegations in Paragraph 18.

19.     Defendant additionally claimed Plaintiff was a "no call no show" for October 29, 2018, despite Plaintiff having returned to work the previous day and having worked full day on October 29, 2018.

**ANSWER:**     Defendant denies the allegations of Paragraph 19.

20.     On information and belief, the decision to terminate Plaintiff's employment was made by the same supervisor whom Plaintiff had previously-notified of his son's medical condition and his need for time off, as set forth above.

**ANSWER:**     Defendant denies the allegations in Paragraph 20.

21.     On information and belief, Defendant made efforts to prevent Plaintiff from recovering unemployment compensation following his termination.

**ANSWER:**     Defendant denies the allegations in Paragraph 21.

## COUNT I

## **VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

22.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 21 above as if fully reiterated herein.

**ANSWER:**     Defendant incorporates its answers to Paragraphs 1-21, as though fully set forth herein.

23.     The acts and conduct of Defendant as aforesaid were in willful violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. Said statutes impose certain duties upon Defendant concerning retaliation against persons such as Plaintiff on the basis of their exercise of FMLA leave rights, and prohibit said retaliation. Said statutes were intended to prevent the type of injuries and damages set forth herein.

**ANSWER:**     Defendant denies the allegations in Paragraph 23.

24.     By the acts and conduct described above, Defendant was in willful violation of said statutes.

**ANSWER:**     Defendant denies the allegations in Paragraph 24.

25.     Defendant knew about, or should have known about, and failed to investigate, prevent, or remedy the acts of retaliation described herein.

**ANSWER:**     Defendant denies the allegations in Paragraph 25.

26.     The acts of retaliation described herein were sufficiently pervasive so as to alter the conditions of Plaintiff's employment and create an abusive working environment.

**ANSWER:**     Defendant denies the allegations in Paragraph 26.

27.     When Plaintiff was retaliated against by Defendant by the actions described above, Plaintiff's exercise of his FMLA leave was a substantial motivating factor and/or reason for Defendant's conduct.

**ANSWER:**     Defendant denies the allegations in Paragraph 27.

28.     By the aforesaid acts and conduct of Defendant, Plaintiff has directly and legally suffered actual damages pursuant to 29 U.S.C. § 2617 including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, and other pecuniary loss.

**ANSWER:**    Defendant denies the allegations in Paragraph 28.

29.    As a direct and legal result of the acts and omissions of Defendant, Plaintiff suffered, among other things, stress, aggravation, frustration, and emotional distress.

**ANSWER:**    Defendant denies the allegations in Paragraph 29.

30.    The aforementioned acts of Defendant were willful, wanton, malicious, intentional, and oppressive, and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff and were done by managerial agents and employees of Defendant and with the express knowledge, consent, and ratification of managerial agents and employees of Defendant, thereby justifying an award of punitive and exemplary damages in an amount to be determined at the time of trial.

**ANSWER:**    Defendant denies the allegations in Paragraph 30.

31.    As a result of the acts of Defendant as ·alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs as specifically provided in 29 U.S. C. § 2617(a)(3).

**ANSWER:**    Defendant denies the allegations in Paragraph 31.

Wherefore, Plaintiff, DARNELL WASHINGTON, respectfully prays this Honorable Court enter judgment against Defendant, SUPERVALU, INC., as follows:

a.    Declaring the Defendant's practices complained of herein unlawful and in violation of the FMLA;

b.    Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c.    Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to retaliate against employees exercising their rights under the FMLA;

d.    Immediately assigning Plaintiff to the position he would now be occupying but for the discriminatory practices of Defendant, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which he would have received but for the willful violations of Defendant, or awarding Plaintiff front-end and future pay;

e.    Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the willful violations of Defendant;

f.    Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the willful violations of Defendant;

g.    Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

h.    Awarding Plaintiff compensatory and/or punitive damages for Defendant's willful conduct, and granting such other relief as may be just and proper.

**ANSWER:**    Defendant denies the propriety of the relief sought in the above Prayer for Relief and denies the allegations contained therein.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

**ANSWER:**    Defendant admits that Plaintiff demands a jury trial.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's claims should be dismissed because Defendant's actions toward Plaintiff were, at all times, based upon legitimate, non-retaliatory reasons.

2.    To the extent that Plaintiff's claims are subject to the doctrine of after-acquired evidence, any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.

3.    To the extent that Plaintiff has obtained income from other employment and other sources, such monies obtained subsequent to Plaintiff's employment must be set off against any damages allegedly due Plaintiff from Defendant.

4.    Plaintiff's claims are barred to the extent that he has failed to mitigate his damages.

5.     Plaintiff's Complaint must be dismissed with prejudice to the extent that it is barred by the doctrines of waiver, estoppel, unclean hands and/or laches.

6.     Plaintiff is not entitled to liquidated damages because Defendant acted in good faith and had reasonable grounds for believing its actions were not in violation of the law.  To the extent Defendant is found to have violated the FMLA (which Defendant denies), any such violation was not willful.

7.     In the event that the Court or a jury should ever conclude that protected activity under the FMLA was a motivating factor in the employment decisions challenged by Plaintiff, which Defendant expressly denies, Defendant avers the same decisions would have been made absent consideration of protected FMLA activity.

Defendant reserves the right to amend its Answer to raise any additional defenses that may become available during the discovery process, as well as the right to assert additional affirmative defenses as established by the facts of the case.

To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, said allegations are hereby denied.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed in its entirety with prejudice; that Plaintiff takes nothing by this action; and that Defendant be awarded reasonable costs and such other relief as this Court deems proper.

Respectfully submitted,

SUPERVALU INC.


By:  Amanda E. Inskeep
         One of Its Attorneys

Jeff S. Nowak ARDC# 6270364
Amanda E. Inskeep ARDC# 6303577

LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1000
Chicago, IL  60654
312.372.5520

Dated: September 23, 2019

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on September 23, 2019, she caused a copy of *Defendant's Answer And Affirmative Defenses To Plaintiff's Complaint* to be filed electronically with the Clerk of the U.S. District Court, Central District of Illinois, using the CM/ECF (*electronic case filing*) system, which sent notification of such filing to the below counsel of record:

David B. Levin
Law Offices of Todd M. Friedman, P.C.
333 Skokie Boulevard
Suite 103
Northbrook, IL 60062
dlevin@toddflaw.com


/s/ *Amanda E. Inskeep*
Amanda E. Inskeep


4813-4256-3491.2 051292.1078